1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9       SOUTHERN DISTRICT OF CALIFORNIA

10

11   SALDIVAR,                              Case No.:  3:22-cv-577-L-WVG

12                           Plaintiff,

13   v.

14   FCA US LLC,                            **ORDER DENYING PLAINTIFF'S**
                                            **MOTION TO REMAND**
15                           Defendant.

16

17       Pending before the Court in this lemon law action is Plaintiff's motion to remand.

18   Defendant opposed, and Plaintiff replied. The Court decides the matter on the papers

19   submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the

20   motion is **DENIED**.

21       **I.       BACKGROUND**

22       On December 18, 2019, Plaintiff purchased a 2019 RAM 1500 from Defendant.

23   The purchase price was $35,594.90. Plaintiff alleges the vehicle has defects that

24   substantially impair its use, value, and safety. Plaintiff also alleges Defendant failed to

25   cure the defects or replace/repurchase the vehicle.

26       On March 21, 2022, Plaintiff filed this action in San Diego Superior Court.

27   Plaintiff asserts two claims under the Song-Beverly Act. On April 25, 2022, Defendant

28

1   removed this action to the Southern District of California. Plaintiff now seeks to remand

2   it back to state court.

3        Plaintiff seeks "recession of the purchase contract and restitution of all monies

4   expended." (Complaint at p. 5). Plaintiff also seeks a "civil penalty in the amount of two

5   times Plaintiff's actual damages." *Id*.

6

7   ## II.     LEGAL STANDARD

8        Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of

9   Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action from state court to

10  federal court if the action could have been brought in federal court in the first instance. 28

11  U.S.C. § 1441(a). The removal is proper when a case originally filed in state court

12  presents a federal question or where there is diversity of citizenship among the parties

13  and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

14       "The burden of establishing federal jurisdiction is on the party invoking federal

15  jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008); *Abrego Abrego

16  v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

17       To determine whether the amount in controversy is met, courts look to the

18  complaint itself. *Abrego Abrego*, 443 F.3d at 690. "Where it is not facially evident from

19  the complaint that more than $75,000 is in controversy, the removing party must prove" it

20  is more likely than not "that the amount in controversy meets the jurisdictional

21  threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

22  2003).

23       "The removal statute is strictly construed, and any doubt about the right of removal

24  requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d

25  1241, 1244 (9th Cir. 2009).

26

27

28

22-cv-577-L-WVG

### III.   DISCUSSION

In this case, the dispute concerns whether the amount in controversy requirement is met.[1] Defendant argues the amount exceeds $75,000. To support that calculation, it relies on the potential actual damages, consequential damages, civil penalties, and attorneys' fees. Plaintiff argues Defendant failed to show the amount in controversy exceeds the threshold.

"The amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis original); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the amount at stake in the underlying litigation, and therefore the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [they] prevail.") (internal quotation marks and citation omitted).

### **Actual Damages**

Defendant contends Plaintiff could recover the price he paid for the truck, about $35,000. Plaintiff seeks reimbursement of the actual price paid. Cal. Civ. Code § 1793.2.

Plaintiff nevertheless argues Defendant cannot rely on the total price paid as a calculation of potential damages because it does not account for the mileage offset authorized under the Act.[2]

However, the potential offset does not alter the amount Plaintiff might obtain if he is successful at trial (*i.e.*, what is at stake). *Arias*, 936 F.3d at 927. The offset is not automatic. Defendant would need to affirmatively (and successfully) raise it at trial

---

[1] The parties do not dispute that there is diversity of citizenship.
[2] The formula to calculate the mileage offset is: (number of miles driven prior to first repair attempt) / (120,000 miles) x (vehicle purchase price). Cal. Civ. Code §1793.2(d)(2)(C).

(likely through the introduction of evidence). *See* Cal. Civ. Code §1793.2 ("when restitution is made . . . the manufacturer . . . *may* [reduce the amount] . . . directly attributable to [the prior] use.") (emphasis added); *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1064 (2020) ("the Act *permits* a manufacturer to reduce the restitution.") (emphasis added); *see also* California Civil Jury Instruction (CACI) No. 3241 (indicating the defendant has the burden to prove the number of miles the plaintiff drove prior to first returning the car to cure the defect).[3] The failure to do that might require Defendant to reimburse Plaintiff for the entire purchase price. *See* Cal. Civ. Code § 1793.2(d)(2)(B). Therefore, it is appropriate to rely on the total amount paid to determine the amount in controversy.[4] *Fritsch*, 899 F.3d at 793; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them."); *see also Lewis v. Verizon Communs., Inc.*, 627 F.3d 395,

---

[3] There are several potential disputes that may arise as to the application of the mileage offset. For instance, the manufacturer might not have reliable records that reflect the odometer reading from when the buyer first brought the car to the repair shop to cure the defect. The parties might also dispute whether a defect existed at the time of the first visit, etc. This is not the appropriate stage to decide such issues. *See Geographic Expeditions, Inc. v. Estate of Lhota*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine it had subject matter jurisdiction"); (*see also* Motion to Remand at p. 6 n.1) (noting Plaintiff does not agree or stipulate to any "particular offset" and that discovery is ongoing).

[4] Statutory *limits* on recoverable damages are distinct from offsets. *Compare Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983) (court properly considered a statute that limited the amount an individual could receive for a particular claim to $750 when determining amount in controversy). The offset here is more akin to an affirmative defense. *See e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("the fact that the complaint discloses the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount in controversy requirement); *Geographic Expeditions, Inc.*, 599 F.3d at 1108.

400 (9th Cir. 2010) ("the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") The amount at stake is at least $35,549.90.

### Civil Penalties

Defendant also relies on Plaintiff's request for civil penalties to support the amount in controversy. The Court can consider the potential civil penalties. *See, e.g., Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting treble damages may be considered when determining the amount in controversy).

The Act authorizes an award of civil penalties if the car manufacturer willfully refused to cure the defect. Cal. Civ. Code § 1794(c). The maximum penalty is two times the amount of actual damages. *Id.*

Plaintiff argues the Court should not consider the potential civil penalties because it is too speculative. (Motion to Remand at p. 7-8). The Court disagrees. First, the Act sets forth a specific limit on the amount of civil penalties recoverable. Cal. Civ. Code § 1794(c). More importantly, Plaintiff requests the *full* amount authorized under the Act, two times actual damages. (Complaint at p. 5). And the test is what amount Plaintiff put in controversy, not Defendant's potential liability. *Lewis*, 627 F.3d at 400. There is nothing in the record to suggest Plaintiff improperly requested the full amount of penalties. Therefore, the Court will consider that amount. *St. Paul Mercury Indem. Co.*, 303 U.S. at 288 ("the sum claimed . . .  controls if the claim is apparently made in good faith.")[5]

---

[5] The request for civil penalties is distinguishable from punitive damages. Normally, a plaintiff does not request a specific amount of punitive damages. As a result, it may be difficult, without more information (*e.g.*, awards from analogous cases), to determine the amount put in controversy. *See, e.g., Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) (complaint indicating the plaintiff sought punitive damages "'in excess' of $10,000," not "how much 'in excess.'") Here, Plaintiff indisputably sets forth the amount. *Chavez*, 888 F.3d at 417 (amount in controversy includes all amounts

Overall, Defendant met its burden. The potential actual damages combined with the requested civil penalties surpasses the minimum amount in controversy. The Court will therefore not address the parties' arguments related to other damages and attorneys' fees.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated:  August 8, 2022

Hon. M. James Lorenz
United States District Judge

---

"at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them.")

6